UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **WILBERT CHARLES**<br>      LA. DOC #496176<br>VS.<br><br>**WARDEN, RIVER CORRECTIONAL CENTER** | **CIVIL ACTION NO. 6:12-cv-0948**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.**<br><br>**MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Wilbert Charles, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* on April 19, 2012. Petitioner attacks his 2008 conviction for forcible rape in the Fifteenth Judicial District, Acadia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons, it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

*Background*

Petitioner was charged with aggravated rape and aggravated burglary.  On May 28, 2008 he pled guilty to the lesser offense of forcible rape. In return for his plea, the aggravated rape and aggravated burglary charges were dismissed and the State agreed to forego prosecution of the petitioner as an habitual offender;  instead petitioner was sentenced to serve 15 years at hard labor. [Doc. 1, ¶1-7; Doc. 6 at pp. 2-3; Doc. 9-1, pp. 8-10] He did not appeal his conviction or sentence. [Doc. 6, p. 5, ¶10]

Instead, on August 20, 2008 he filed a *pro se* application for post-conviction relief in the

District Court asserting the following claims for relief: (1) ineffective assistance of counsel; (2) improper handling of evidence; (3) insufficiency of the evidence; and, (4) coerced guilty plea. [Doc. 6, pp. 4-9] This petition was dismissed for failing to state a claim for which relief may be granted on September 29, 2008. *See Wilbert Charles v. State of Louisiana, et al.*, Civil Action No. 6:10-cv-0365 at Doc. 7, p. 4.[1] Petitioner apparently did not seek further review of his first application for post-conviction relief.

Thereafter, almost two years later, on June 21, 2010, he filed a second application for post-conviction relief in the District Court raising almost identical claims – (1) ineffective assistance of counsel; (2) tainted evidence; and (3) insufficient evidence. [Doc. 9-1, pp. 2 - 7] On July 26, 2010 the trial judge denied relief. [Doc. 1-1, p. 3; Doc. 6, p. 10]. Petitioner's attempts to seek further review of this second application for post-conviction were denied by the Third Circuit Court of Appeals on June 7, 2011 [*State v. Charles*, KH 10-01001 at Doc. 6, p. 11], and by the Louisiana Supreme Court on March 30, 2012. *State of Louisiana ex rel. Wilbert Charles v. State of Louisiana*, 2011-1433 (La. 3/30/2012), 85 So.3d 110. Petitioner filed the instant petition on April 19, 2012.

### *Law and Analysis*

### *1. Limitations – §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death

---

[1] Petitioner filed a civil rights complaint pursuant to 42 U.S.C. §1983 on February 26, 2010. This complaint attacked his rape conviction and sought both *habeas corpus* relief and money damages and was dismissed for failing to state a claim for which relief might be granted, and as frivolous on July 28, 2010. The order denying petitioner's first application for post-conviction relief was submitted as an exhibit in support of the complaint by the petitioner. *See Wilber Charles v. State of Louisiana, et al.*, Civil Action No. 6:10-cv-0365.

Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the period that elapses between the date the post-conviction proceeding ceases to be properly filed and the date that the petition for habeas corpus is filed. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period."), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his

---

[2] Nothing in the record suggests that State created impediments prevented the timely filing of this petition; nor does the record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally petitioner admits that the error complained of herein was patent error and therefore he does not claim recent discovery of the factual basis of his claim. As such, petitioner is not entitled to statutory tolling as provided by 28 U.S.C. § 2244(d)(1)(B),(C), or (D).

state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.")  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on May 28, 2008. [Doc. 1, ¶1-7; Doc. 6 at pp. 2-3; Doc. 9-1, pp. 8-10] He did not appeal. [Doc. 6, p. 5, ¶10] For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the imposition of sentence[3] or, on or about June 28, 2008.  Pursuant to 28 U.S.C. §2244(d)(1) petitioner had one year from that date, or until on or about June 28, 2009 to file his federal *habeas corpus* petition.

As noted above, the limitations period is tolled for the "... time during which a properly filed application for State post-conviction or other collateral review ... is pending..." 28 U.S.C. §2244(d)(2).  Petitioner filed his first *pro se* application for post-conviction relief on August 20, 2008. [Doc. 6, pp. 4-9] That first application remained pending until September 29, 2008 when the District Judge denied relief. *See Wilbert Charles v. State of Louisiana, et al.*,  Civil Action No. 6:10-cv-0365 at Doc. 7, p. 4.  Thus, pursuant to Section 2244(d)(2) petitioner was able to toll limitations from August 20 – September 29, 2008. However, a period of 54 days elapsed before tolling commenced, and, the AEDPA limitations period resumed again after the application was dismissed on September 29, 2008.   Thereafter, a period of almost two years elapsed before petitioner filed his second application for post-conviction relief on June 21, 2010.[Doc. 9-1, pp.

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken."

2-7]

In short, the available evidence clearly establishes that a period well in excess of one year elapsed un-tolled between the date that petitioner's judgment of conviction became final for AEDPA purposes and the date he filed the instant petition for *habeas corpus*. The petition is therefore time-barred pursuant to 28 U.S.C. §2244(d)(1)(A).

*2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Lafayette, Louisiana 14th day of May, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE